UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SANDRA SIMMLER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 08-12080-JLT |
| | * | |
| IBEX CONSTRUCTION, LLC; AUTO MID- | * | |
| ATLANTIC TEMP., INC.; | * | |
| LABORERS' INTERNATIONAL UNION OF | * | |
| NORTH AMERICA; MASSACHUSETTS | * | |
| LABORERS' DISTRICT COUNCIL of the | * | |
| LABORERS' INTERNATIONAL UNION OF | * | |
| NORTH AMERICA; LABORERS' | * | |
| INTERNATIONAL UNION OF NORTH | * | |
| AMERICA, LOCAL 609; LABORERS' | * | |
| INTERNATIONAL UNION OF NORTH | * | |
| AMERICA, LOCAL 22; AND CHRISTOPHER C. | * | |
| MURPHY, in his official and individual capacity; | * | |
| and NEW ENGLAND RESTROOMS, INC., | * | |
| | * | |
| Defendants. | * | |

ORDER

June 28, 2010

TAURO, J.

After reviewing the Parties' written submissions, this court hereby orders that:

1.    Defendants Ibex Construction, LLC, and Auto Midatlantic Temp, Inc.'s Motion to

Compel Plaintiff's Releases for Medical Records [#82] is ALLOWED IN PART

and DENIED IN PART:

a.    To the extent Defendants seek to compel the production of Plaintiff's

communications with her mental health provider(s), this Motion is

1

DENIED.  Such documents reflect privileged communications between

Plaintiff and her mental health provider(s),[1] and the fact that Plaintiff claims

emotional distress damages is not itself sufficient to waive that privilege.[2]

b.      This Motion is ALLOWED to the extent that Defendants seek mental

health records demonstrating the occurrence of psychotherapy, but not the

substance thereof, including the names of treating mental health providers

and the dates of treatment.  Because these documents are relevant to

Plaintiff's claims and do not reflect the substance of Plaintiff's

communications with her mental health providers, they are discoverable.[3]

c.      Defendants, by this Motion, also seek to compel mental health records

disclosing Plaintiff's diagnoses and prescriptions.  As it stands, the

Complaint alleges that Plaintiff "sought medical attention for depression

[and] anxiety . . . due to retaliation."[4]  As written, this allegation puts at

issue Plaintiff's conduct in seeking the attention of mental health

professionals as a result of Defendants' alleged wrongdoing, but does not

---

[1]See Jaffee v. Redmond, 518 U.S. 1, 15 (1996) ("confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence").

[2]See Vanderbilt v. Town of Chilmark, 174 F.R.D. 225, 228 (D. Mass. 1997) ("Defendants argue that by seeking damages for emotional distress, Plaintiff has put her emotional state at issue and, therefore, has waived the privilege. . . This court disagrees and holds that Plaintiff must use the privileged communication as evidence herself before she waives the privilege.").

[3]See id. at 230 ("Facts regarding the very occurrence of psychotherapy, such as the dates of treatment, are not privileged.").

[4]Compl. ¶ 100.

indicate that the Plaintiff will offer proof of any actual diagnoses or prescribed treatment.  Because such diagnoses and prescribed treatments constitute privileged communications, to the extent that Defendant seeks to compel their disclosure, this Motion is DENIED WITHOUT PREJUDICE to reraising should Plaintiff place these communications at issue at some later stage in the litigation.

      d.     Defendants seek to compel discovery of "all of [Plaintiff's] medical records . . . since January 1, 2000."  Put simply, this discovery request is overbroad and is, therefore, DENIED.  But because the Complaint does contain an allegation that Plaintiff sought treatment for acid reflux as a result of Defendants' conduct,[5] this court recognizes that Defendants may be entitled to a narrow category of Plaintiff's medical records.  For that reason, this denial is without prejudice to refiling a motion to compel that is appropriately tailored to the relevant allegations in the Complaint.

      e.     Defendants' request for reasonable attorneys' fees is DENIED.

   2.    Plaintiff Sandra Simmler's Motion for Protective Order [#84] is DENIED.

IT IS SO ORDERED.

                                                     /s/ Joseph L. Tauro
                                                   United States District Judge

---

[5]Id.